[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11727
Non-Argument Calendar

_____

D.C. Docket No. 5:12-cv-00405-CAR


KRISTINE CORZINE,

Plaintiff - Appellant,

versus

LITTLE LEAGUE BASEBALL INCORPORATED,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 18, 2014)

Before MARCUS, WILLIAM PRYOR, and COX, Circuit Judges.

PER CURIAM:

Kristine Corzine claims that Little League Baseball, Inc. terminated her in violation of the Americans with Disabilities Act, 29 U.S.C. § 12101 et seq.,

because Little League knew she had a potentially metastatic breast tumor or regarded her as such when it fired her.  She further claims that Little League's terminating her intentionally inflicted emotional distress upon her.  The district court granted Little League summary judgment on all claims.  We affirm.

A district court must grant summary judgment if the moving party demonstrates that the pleadings, discovery, and properly prepared and submitted affidavits reveal an absence of genuine issues of material fact and that, based on that absence, the movant is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  The non-movant may not avoid summary judgment with speculation, conjecture, or simply by relying on her unsworn pleadings or presenting a mere scintilla of evidence in support of her claims.  Rather, she must present evidence on the basis of which a jury reasonably could find in her favor.  *Brooks v. County Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1162 (11th Cir. 2006); *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005); *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990).  We review summary judgments de novo, examining in the non-movant's favor all evidence and inferences from the evidence.  *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

The ADA prohibits an employer from discharging an employee because she has a disability.  Corzine contends that a potentially metastatic breast tumor was

2

her impairment (that is, the anatomical basis of her statutory "disability") and that Little League fired her literally on the heels of learning that she had the tumor.[1] Pretermitting whether such a tumor constitutes a "disability" under these or any other circumstances, there is absolutely no evidence that Little League fired Corzine because she had a lump in her breast. More particularly, Corzine did not present any evidence to the district court that anyone responsible for or who participated in the decision to fire her even *knew* that she had a potentially metastatic tumor. Beyond that, Little League articulated an unrefuted basis for discharging Corzine: poor performance. Before Corzine even knew she had a lump in her breast, metastatic or otherwise, Little League had decided to terminate her. That Little League communicating its termination decision to Corzine roughly coincided with her communicating that she needed time off for a mammogram does not raise a prima facie inference of disability discrimination.

Corzine's intentional infliction of emotional distress claim fares worse. Considering the totality of the undisputed circumstances, no conduct of Little League, or any of those responsible for or participating in the decision to terminate Corzine, rose as a matter of law to the level of outrageousness or unconscionability necessary to prove an intentional infliction of emotional distress claim. *See Higdon v. Jackson*, 393 F.3d 1211, 1222 (11th Cir. 2004) (applying Georgia law);

---

[1] Corzine does not contend that she had any reason to believe the lump was metastatic when Little League fired her on July 6 because the mammogram was not until July 8.

3

*Jarrard v. United Parcel Serv., Inc.*, 529 S.E. 2d 144, 146 (Ga. Ct. App. 2000). Nothing Corzine alleged or attempted to prove was "so extreme in degree[] as to go beyond all possible bounds of decency, and to be regarded as atrocious[] and utterly intolerable in a civilized society."  *Higdon*, 323 F.3d at 1222 (quoting *Kaiser v. Tara Ford, Inc..* 248 Ga. App. 481, 529 S.E. 2d 861, 868 (2001).

For the reasons stated by the district court and in this opinion, summary judgment in favor of Little League and against Corzine is affirmed.

**AFFIRMED.**

4